OPINION
Defendant-appellant Barbara Alexander appeals the denial by the Stark County Court of Common Pleas of defendant-appellant's Motion to Suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 3, 2001, the Stark County Grand Jury indicted appellant on one count of assault upon a peace officer in violation of R.C. 2903.13(A), a felony of the fourth degree. At her arraignment on May 25, 2001, appellant entered a plea of not guilty to the charge contained in the indictment.
Subsequently, appellant filed a Motion to Suppress/Dismiss. Appellant, in her motion, argued that all evidence against her should be dismissed since "the officers entered upon the residence of the defendant without permission and without a warrant." At the suppression hearing held on September 24, 2001, appellant agreed that "the issue truly is one of a legal nature, and that is can the officers walk onto private property to retrieve a vehicle". Transcript at 7. Thereafter, the following evidence was adduced at the hearing.
On March 13, 2001, at approximately 11:00 a.m., Detective Sergeant Scott Griffith of the Alliance City Police Department went to 750 South Freedom Avenue in Alliance to tow a vehicle belonging to Andre Wright that was subject to forfeiture. According to Sergeant Griffith, "the vehicle had been used in a drug offense for which Mr. Wright had been indicted by the Stark County Grand Jury . . ." Transcript at 11-12. When the Sergeant, along with Detective David Bair, arrived at the above address, which was the address listed on Wright's driver's license, they discovered Wright's car in the driveway. Both previously had seen Wright's car in the driveway 30 or 40 times. Since a vehicle belonging to appellant was parked behind Wright's car, the officers knocked on the door of the residence at 750 South Freedom. When Shauna Alexander, appellant's daughter and Wright's girlfriend, answered the door, Sergeant Griffith told her that they were towing Wright's car because it had been used in the commission of a felony drug offense and was subject to forfeiture. After Shauna Alexander told him that she did not have the keys for Wright's car, Sergeant Griffith went back to the end of the property where the driveway was located and summoned a tow truck.
Once the officers on the scene realized that appellant's car had to be moved before Wright's car could be towed, Sergeant Griffith went back up to the house and knocked on the door. Shauna Alexander told the Sergeant that she did not have keys to appellant's car and that it would not be possible to move the same. Sergeant Griffith then returned to where Wright's vehicle was located to wait for the tow truck.
After the tow truck arrived, Shauna Alexander "became very disorderly" and started "yelling that she would get that fucking car back just like she got her fucking money back" and that the officers "were fucking stupid if we thought we could come onto her property and take her car". Transcript at 15. After Alexander, who claimed that Wright's car was hers, continued yelling at the officers despite being asked to "cease her disorderly conduct", she was arrested for disorderly conduct with persistence and placed in the back of a manned cruiser. Transcript at 15. The cruiser was parked in the alleyway behind appellant's residence.
Appellant's car was then placed on a flatbed truck and moved out of the way so that Wright's car could be towed. As the tow truck began moving her vehicle, appellant arrived on the scene and "walked over to Detective Bair and started yelling that she wanted to know what the fuck was going on here, why her daughter was under arrest". Transcript at 18. Despite being told to keep away from the cruiser containing her daughter, appellant refused to comply. When Detective Bair went to place appellant under arrest for obstructing official business, appellant deliberately punched him in the left side of the face. At the time of the assault, Detective Bair was in the alley behind appellant's residence.
After Wright's car was towed away, appellant's car was returned to its former location.
Pursuant to a Judgment Entry filed on November 26, 2001, the trial court overruled appellant's motion to suppress. Thereafter, following a jury trial, appellant was convicted of assault in violation of R.C.2903.13(A). As memorialized in an entry filed on December 14, 2001, appellant was sentenced to six months in prison.
Appellant now raises the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE AS THE SEARCH AND SEIZURE OF APPELLANT AND HER PROPERTY WAS WARRANTLESS AND CONTRARY TO OHIO LAW AND IN DIRECT VIOLATION OF THE FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.
This case comes to us on the accelerated calender. App.R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11. 1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
Appellant, in her sole assignment of error, argues that the trial court erred in denying her motion to suppress. We disagree.
As noted by appellant in her brief, appellant moved for "suppression of all evidence and dismissal because the officers wrongfully and unlawfully entered upon Appellant's property". In short, appellant sought to suppress "any activity" that occurred after the officers in this matter allegedly acted unlawfully by walking onto appellant's private property to tow Wright's car. Transcript at 7.[1]
We, however, concur with the trial court that "whether the police officers were lawfully on the property, entitled to tow Wright's vehicle, or permitted to move Defendant's vehicle to access Wright's vehicle is not dispositive of this issue". Ohio law is clear that a person, such as appellant, is not privileged to assault a police officer even if the police officer is unlawfully on that person's property. SeeState v. Howard (1991), 75 Ohio App.3d 760, 772 and State v. Green (July 2, 1998), Delaware App. No. 97 CAA11052, unreported. In Green, this Court specifically held that an individual cannot use force or violence against a police officer even though the officer may have unlawfully gained access into the person's private residence. Likewise, regardless of whether or not the officers in this case unlawfully entered onto appellant's property, appellant was not justified in using force against them.
Appellant's sole assignment of error is, therefore, overruled.
Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By EDWARDS, J. GWIN, P.J. and FARMER, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
[1] As appellee notes in its brief, appellant's motion was, in essence, a motion to dismiss on legal grounds rather than a suppression motion.